FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 24 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01287-LTB

TRACY WILLIAMSON,

    Plaintiff,

v.

PAUL J. FRANTZ, MD/SCF,
BETH DALLAS, Over Medical Property SCT,
LT. WEEDER, Supervisor Over Property,
SGT. CHRISTIANS, Over SCF Management Medical Appliance, and
NURSE JOHN DOE, at DRDC Over,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Tracy Williamson, filed *pro se* on August 12, 2011, a motion to reconsider (ECF No. 8), which he characterizes as a "Motion to set aside or vacate the judgmend [sic] under rule 59 or rule of the Fed. R. Civ. P." Mr. Williamson apparently asks the Court to reconsider the June 30, 2011, order, which dismissed the complaint and this action. He has submitted with the motion to reconsider a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) and a Prisoner Complaint (ECF No. 10).

The Court must construe liberally Mr. Williamson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. The Court will consider Mr. Williamson's motion to reconsider pursuant to Rule 60(b) because it was filed more than twenty-eight days after the judgment was entered in this action. Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the complaint and the instant action without prejudice pursuant to Fed. R. Civ. P. 41(b) for Mr. Williamson's failure to cure the deficiencies designated in this action within the time allowed. The reasons for the dismissal are discussed in greater detail in the June 30 dismissal order. Mr. Williamson's motion to reconsider fails to address the reasons for the dismissal.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Williamson fails to demonstrate any extraordinary circumstances that would justify a motion to reconsider and, therefore, the motion will be denied. **See Massengale**, 30 F.3d at 1330. However, the clerk of the Court will be directed to use the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) and the Prisoner Complaint (ECF No. 10) Mr. Williamson

submitted on August 12 to open a new and separate case.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 8) characterized as a "Motion to set aside or vacate the judgmend [sic] under rule 59 or rule of the Fed. R. Civ. P." that Plaintiff, Tracy Williamson, filed *pro se* on August 12, 2011, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied. It is

FURTHER ORDERED that the clerk of the Court is directed to use the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) and the Prisoner Complaint (ECF No. 10) that Mr. Williamson submitted on August 12 to open a new and separate case. It is

FURTHER ORDERED that a copy of this order shall be filed in both this case and in the new case the clerk of the Court is directed to open.

DATED at Denver, Colorado, this __24th__ day of __August__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01287-BNB

Tracy Williamson
Prisoner No. 67506
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk